Tilghman C. J.
It is contended by the counsel for the defendants, that the Court of Quarter Sessions had jurisdiction in the case, and therefore their order, until reversed, was conclusive. Consequently, the District Court had no authority to take this property out of the hands of these persons, to whom it had been delivered by the Court of Quarter Sessions, for the support of the wife and child of Enoch Thomas. We must examine, therefore, what was the authority of the Court of Quarter Sessions, and what is the nature of the order they have made. By the 6th section of the act of 31st March, 1812, (Purd. Dig. 553,) it is enacted, that when-a man possessed of property deserts his wife and children, leaving them a charge on the public, the guardians of the poor, having obtained a warrant from two justices of the peace, may take and seize so much of the goods and chat-' tels, &c. and receive so much of the amount of rents and profits of the lands and tenements of such husband as such two justices shall order and direct, for providing for such wife, and maintaining and bringing up such children, which warrant, being confirmed at the next Court of Quarter Sessions, it shall be lawful for the said Court to make an order for the guardians of the poor to dispose of such goods, chattels, &c. by sale or otherwise, or so much of them, for the purpose aforesaid, as the Court shall think fit, and to receive the rents and profits, or so much of them as shall be ordered by the Court, of the said lands and tenements for the purpose aforesaid.” - Now it is evident, that these proceedings are only between the husband and his wife and children, without being intended to affect the rights of other persons. From the settlement of Pennsylvania to the present moment, the legislature nas oeen careful of the rights of creditors. Lands and tenements nave been subject to the payment of debts,:as much as goods and chattels. And by the custom of the country, without any express law,.not even the right of dower is protected against the claims of creditors. - It,cannot be supposed-, therefore, that it was intendéd to protect the pro *389 perty of an absconding debtor, from the payment of his debts, nor are there any expressions in the act of assembly, which can bear such construction. The guardians of the poor hold the house and lot now in dispute, as the property of Enoch Thomas, for the maintenance of his family. And the domestic attachment, operates on the same object, as the property of the same person. Where then is the inconsistency of these two proceedings, and where is the conflict between the two jurisdictions ? I can see none. The Quarter Sessions had a right to appropriate this property to the support of the husband’s family, until some better title was shewn. But it had no more right to protect it from debt, than to protect it against a third person who should have brought an ejectment, and shewn that he had a good title, and that Enoch Thomas never had title. Nor has the Court'of Quarter Sessions assumed any.such power. ■ It has only authorised the guardians of the poor to receive the rents and profits for the support of the wife and child, subject to the rights of all other persons. The guardians of the poor have no better right than Enoch Thomas himself had; whoever, therefore, could have recovered against Thomas, may recover against them. I speak not now of creditors whose claims may have accrued after the property hád been seized by the guardians of the poor; nor of cases where property had been sold by the guardians of the poor, before it was attached by the creditors. These might be distinguished from the present case. But I- give no opinion on them. The authorities cited by the defendant’s counsel, to shew, that the judgment of a Court of competent jurisdiction is conclusive, until reversed, do not affect the present question. Because, here there was no judgment of the Court of Quarter Sessions, that this property should be exempted from the- debts of Thomas. I am therefore of opinion, that the right of the plaintiffs, founded on the order of the District Court, in the domestic attachment, was good, and the judgment of that Court should be affirmed. ■ >
Gibson J. and Duncan J. concurred.
Judgment affirmed.